# GILA BEND RESERVOIR AND IRRIGATION COMPANY v GILA WATER COMPANY.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 226. Argued April 12, 16, 1906.—Decided May 14, 1906.

The absence of a formal order by the court need not necessarily prevail over its essential action.

Where appellant's only assignment of error on an appeal from the Supreme Court of a Territory is that the court had not acquired jurisdiction of the property in that suit because it was in its custody in another suit in which a receiver had been appointed, and the receivership had not been extended or the actions consolidated, but the record clearly shows that the District Court considered the cases as consolidated and empowered the receiver appointed in the first suit to sell the property and apply the proceeds as directed in the second suit, and that such decree was affirmed by the Supreme Court of the Territory and by this court, the assignments are without foundation and the decree will be affirmed.

THE facts are stated in the opinion.

*Mr. William C. Prentiss*, with whom *Mr. Joseph K. McCammon* was on the brief, for appellant.

*Mr. C. F. Ainsworth* for appellee, submitted.

MR. JUSTICE McKENNA delivered the opinion of the court.

The appellant and appellee are Arizona corporations. The former brought this suit in the District Court of Maricopa County to quiet title to certain land and water rights against the appellee and the Peoria Canal Company, Valley Canal and Land Company, also Arizona corporations, and against the Arizona Construction Company, an Illinois corporation, and against certain persons, one of whom was a resident of the Ter-

ritory, and the others non-residents. The complaint contained the usual allegations. All the defendants but the Gila Water Company, appellee herein, disclaimed title. The appellee answered denying appellant's title and, in a cross complaint, set up title in itself. To the cross complaint appellant answered that appellee claimed title "under and by virtue of a certain judgment and decree of this court (District Court of Maricopa County) rendered and entered November 20, 1894, and certain pretended receiver's deed or deeds made, executed and delivered under and by authority of said judgment and decree and proceedings thereunder, or a certain deed or deeds of some person or persons deriving title under, through and by virtue of said receiver's deed or deeds." And it was alleged that said judgment and the proceedings thereunder were void in that (1) the action in which the judgment was rendered was a proceeding *in rem* and that the court never acquired jurisdiction over the property or any part thereof; (2) that the judgment was rendered July 21, 1894, and appellant duly appealed from said judgment to the Supreme Court of the Territory, and the District Court thereby lost jurisdiction of the action, and yet on the twelfth of November, 1894, the District Court entered a pretended amendment to the judgment and decree, which was pretended to be in lieu of the original decree of July 21, and that the only right and title appellee has to the property is under this "pretended, amended and void judgment and decree."

It was further alleged that the receiver was duly appointed in another action and that he took possession of the property, and that during the time appellee claims to have obtained title to any of said property the same and the whole thereof was in the custody of the court and in the possession of the receiver, and that prior to the commencement of the suit at bar the court and receiver ceased to have any custody or possession of the property.

The trial court found that the appellee was the owner in fee simple of the property and adjudged that the claim of the ap-

pellant and all of the defendants in the question to be "invalid
and groundless." The decree was affirmed by the Supreme
Court.

The findings of fact of the Supreme Court are very general.
They are only that the appellant had not, at the commence-
ment of the action, any cause of action in respect to the prop-
erty, and has not now any right, title or interest therein; that
the appellee was the owner in fee simple and in possession
thereof.

The special rulings of the trial court, which were assigned as
errors and affirmed by the Supreme Court, appear in the opinion
of the latter court and in the bill of exceptions. These rulings
were made upon the introduction in evidence by the appellee
to sustain its title of certain judgments rendered by the Dis-
trict Court of Maricopa County. The facts as to these judg-
ments are stated by the Supreme Court as follows:

"It appears that in the District Court of Maricopa County,
in the year 1893, the appellant brought suit against the Peoria
Canal Company and the Arizona Construction Company and
applied for a receiver therein to take possession of the property
in controversy in this action. Thereafter the court appointed
one James McMillan as such receiver who took possession of
the property, and by leave of the court issued a large amount
of receiver's certificates to meet the expenses of necessary im-
provements upon the property. This suit was docketed as
number 1728. Pending this action, one W. H. Linn, and
others, brought suit in the District Court of Maricopa County,
against the appellant and other defendants, alleging in their
complaint, among other facts, the pendency of action number
1728, the appointment of the receiver and the issuing of the
receiver's certificates, and praying, among other things, that
the assets of the Gila Bend Reservoir and Irrigation Company
be marshalled and that the receiver take possession of and
be directed to sell the property of the said company and
from the proceeds of said sale pay the debts adjudged due
against it.

"All the parties to this suit, including the Gila Bend Reservoir and Irrigation Company, appeared and answered. A trial was had and judgment was rendered, in which the receiver was directed to sell the property. The record further discloses that a sale was made under this judgment by the receiver, which was affirmed by the court, and a deed executed by the said receiver, to the purchaser, who was one of the grantors of the appellee. This judgment was appealed from to this court, where it was affirmed, and subsequently an appeal was taken by the appellant to the Supreme Court of the United States, where the judgment of this court was affirmed. The latter suit in the court below was docketed as number 1996. The objection which the appellant urged in the court below to the judgment in cause numbered 1996 was that it appears upon the face of the record that the judgment, ordering a sale of the premises by the receiver, was without jurisdiction and void for the reason that no order was made by the court extending the receivership in suit number 1728 to cause number 1996. In passing upon this objection the trial court pointed out that all the parties in the cause number 1728 were parties in cause number 1996, that, when the latter suit was brought, the property was in the hands of the court, through its receiver, and that after the bringing of cause number 1996 the record disclosed that the court and all the parties, including the Gila Bend Reservoir and Irrigation Company, treated the property in possession of the receiver, appointed in cause number 1728, as though it had been placed in his possession as a receiver appointed in cause number 1996, and, further, that orders were made by the court concerning said receivership which were entitled in both suits jointly, and held that, although no order was made consolidating the two suits and no order was in terms made extending the receivership to the second suit number 1996, the receivership was in fact extended to the second suit, and that the court, by its action, ratified the acts of the receiver in the second suit and thereby, in effect, extended his power and authority as such receiver to said second suit.

"The view thus taken is amply justified by an inspection of the record in the two suits, and upon this ground alone the action of the trial court, in admitting the judgment, was correct."

We concur in this conclusion. The objection made by the appellant to it is, as we have indicated, that suit No. 1996 was a proceeding *in rem* and that the court did not acquire jurisdiction of the property for the reason that it was in the custody of the court in suit No. 1728, and that the court in the latter case did not extend the receivership to the No. 1996 nor consolidate the suits, and, therefore, had no power to order the sale of the property by the receiver in No. 1728.

This is tantamount to saying that the absence of formal orders by the court must prevail over its essential action. It is clear from the record that the District Court considered the cases pending before it at the same time, considered No. 1996 as the complement of No. 1728, regarded the cases in fact as consolidated, and empowered the receiver appointed in 1728 to sell the property and distribute the proceeds as directed by the decree in 1996. The provision of the decree entered July 21, 1894 (and of the amended decree of November 20, 1894), is as follows:

"It is further ordered, adjudged and decreed by the court that James McMillan, the receiver heretofore appointed by this court, and now in possession of said premises under the orders of this court, proceed to advertise and sell said property and distribute the proceeds as directed in the decree."

This decree was affirmed by the Supreme Court of the Territory and afterwards by this court. The assignments of error, therefore, are without foundation.

*Decree affirmed.*